Amy L. Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RICHARD HUGHES,** | **Case No.:** |
| **Plaintiff,** | **COMPLAINT FOR DAMAGES** |
| | **1. VIOLATION OF THE** |
| **v.** | **TELEPHONE CONSUMER** |
| | **PROTECTION ACT, 47 U.S.C. §** |
| **CAPITAL ONE BANK (USA), N.A.,** | **227** |
| **Defendant.** | **JURY TRIAL DEMANDED** |

## COMPLAINT

RICHARD HUGHES ("Plaintiff"), by and through his attorneys, KIMMEL
& SILVERMAN, P.C., alleges the following against CAPITAL ONE BANK
(USA), N.A. ("Defendant"):

- 1 -
PLAINTIFF'S COMPLAINT

# INTRODUCTION

1.     Plaintiff's Complaint is based on the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.

# JURISDICTION AND VENUE

2.     This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3.     This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of California and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of California.

4.     Venue is proper under 28 U.S.C. § 1391(b)(2).

# PARTIES

5.     Plaintiff is a natural person residing in Anaheim, California 920804.

6.     Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

PLAINTIFF'S COMPLAINT

7.     Defendant is a business entity with a principal place of business, head office, or otherwise valid mailing address at 1680 Capital One Drive, McLean, VA, 22101.

8.     Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10.    Plaintiff has a cellular telephone number.

11.    Plaintiff has only used this phone number as a cellular telephone.

12.    Defendant placed repeated harassing telephone calls to Plaintiff on his cellular telephone regarding an alleged account balance.

13.    When contacting Plaintiff, Defendant used an automated telephone dialing system and/or pre-recorded voice.

14.    Plaintiff knew that Defendant's calls were automated calls as the calls would start with a noticeable pause or delay before being connected with Defendant's live representatives.

15.    Soon after the calls began, Plaintiff told Defendant to stop calling, thereby revoking any consent Defendant may have had to call his cellular telephone.

16.     On subsequent calls, Plaintiff repeated his instruction to Defendant not to call.

17.     Once Defendant was informed that its calls were unwanted and that Plaintiff wanted it to stop calling, its continued calls could have served no lawful purpose.

18.     Despite Plaintiff's repeated clear demands to refrain from contacting him, Defendant persisted in calling Plaintiff.

19.     Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

## COUNT I
## DEFENDANT VIOLATED THE TCPA

20.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

21.     The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone. 47 U.S.C. § 227(b)(1)(A)(iii).

22.     Defendant initiated repeated calls to Plaintiff's cellular telephone.

23.     Defendant initiated these calls to Plaintiff using an automatic telephone dialing system.

24.     Defendant's calls to Plaintiff's cellular telephone were not made with Plaintiff's prior express consent.

25.     Defendant's calls to Plaintiff's cellular telephone were not made for emergency purposes.

26.     Defendant's conduct violated the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

27.     The TCPA provides that where a defendant willfully or knowingly violated the TCPA or regulations prescribed thereunder, the Court may impose treble damages. 47 U.S.C. § 227(b)(3).

28.     When Defendant called Plaintiff it knew no later than Plaintiff's initial instruction to stop calling soon after the calls began that it did not have prior express consent to call Plaintiff.

29.     When Defendant called Plaintiff it knew it was placing calls to a cellular telephone.

30.     Defendant's violation of the TCPA was therefore either willful or knowing starting no later than the date of Plaintiff's first instruction to stop calling.

31.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above, entitling Plaintiff to injunctive relief and an award of statutory, actual, and treble damages.

WHEREFORE, Plaintiff, RICHARD HUGHES, respectfully prays for a judgment as follows:

a)      All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

b)      Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

c)      Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

d)      Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

e)      Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Richard Hughes, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

Respectfully submitted,

DATED: 6/27/19

By: /s/ Amy Lynn Bennecoff Ginsburg
Amy Lynn Bennecoff Ginsburg, Esq.
(275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff

PLAINTIFF'S COMPLAINT